**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**                                        September 7, 2010

John Doe[1]
157B Meriline Avenue
West Paterson, NJ 07424

Jonathan E. Hill, Esq.
Daly, Lamastra & Cunningham
3 Mountain View Road
P.O. Box 1622
Warren, NJ 07061

John Doe-1
36 Goshen Street
Paterson, NJ 07503

James H. Moody, Esq.
Orlovsky, Moody & Schaaff
Monmouth Park Corporate Center
187 Highway 36
West Long Branch, NJ 07764

**LETTER OPINION**

    Re:   **Doe v. Sizewise Rentals, LLC, et al.**
             **Civil Action No. 09-3409 (JLL)**

Dear Parties:

    This matter comes before the Court by way of two motions to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The first motion was filed by Defendants Sizewise Rentals, LLC, Joyce Skylar, Amy Sztejman and Cord Meyer on August 11, 2010. This motion is returnable today. The second motion was filed by Defendants Arbor Glen Center and Natalie Bryson on September 1, 2010. This motion is returnable on October 4, 2010. The Court now considers the motion to dismiss filed by the Sizewise Defendants (hereinafter referred to as "Defendants"). This motion is unopposed. The Court has considered the moving papers and draws all inferences in favor of the pro se Plaintiffs.[2] No oral argument was heard. Fed.

---

    [1] By way of Order dated August 2, 2010, Magistrate Judge Claire C. Cecchi granted Plaintiffs' request to proceed anonymously in this case. See Docket Entry No. 65.

    [2] The Court's jurisdiction over this matter is premised on 28 U.S.C. § 1331.

1

R. Civ. P. 78. Based on the reasons that follow, Defendants' motion is granted. Plaintiffs are granted leave to amend the Complaint to cure certain pleading deficiencies addressed herein.

## BACKGROUND

The relevant facts are as follows: Plaintiff John Doe is an "Egyptian Muslim" and Plaintiff John Doe-1 is a "Muslim from Turkey." (Compl., ¶¶ 12, 25). John Doe was employed by Sizewise Rentals, LLC during the relevant time period. John Doe recommended his friend, John Doe-1, for a job opening at Sizewise. John Doe-1 interviewed for the position, but was originally rejected. He was eventually hired by Sizewise and began working there in November 2008. John Doe-1 was ultimately fired on the basis of his "many" driving accidents while on the job. He was replaced by a black individual from the Dominican Republic.

In June 2009, John Doe sent an email to Joyce Skylar, the Regional Manager of Sizewise, claiming that she "committed a crime of hate by using the Regional Operation Manager, Cord Meyer, to terminate employee John Doe-1 with fabricated false evidence, without informing Meyer with her prior persecution of [John] Doe-1." (Compl., ¶ 60). Skylar subsequently informed Sizewise's Legal Department of John Doe's claim of racial discrimination. (Id., ¶ 61). Larry Askew, an attorney from Sizewise's Legal Department flew to New Jersey to conduct an investigation into John Doe's claim. One week after his departure, John Doe was "involuntarily terminated" by Skylar.

Together, Plaintiffs allege that Sizewise employees engaged in a "conspiracy to terminate minorities with fabricated causes, to hire incompetent white supervisors with lack of experience or proven track record, and to persecute the minority workers who attempt to adhere to the thorough rules of safe repair and disinfection of the rental medical equipments." (Compl., ¶ 76). It is further alleged that Plaintiffs' managers "abused, harassed and discriminated against minority workers and subjected the public to the risk of unsafe and infectious equipments." (Compl., ¶ 80).

In light of the foregoing, Plaintiffs commenced the instant cause of action in July 2009. Leave to amend the original complaint was granted by this Court in August 2010. The Second Amended Complaint [Docket Entry No. 69] is now the operative complaint in this matter (hereinafter referred to as the "Complaint"). Plaintiff's Complaint asserts various claims of employment discrimination under Title VII[3] and 42 U.S.C. §§ 1981, 1985 and 1986, against Sizewise, several of its employees, one of its customers and the administrator of one of its customers. Defendants Sizewise, Joyce Skylar, Amy Sztejman and Cord Meyer have filed a motion to dismiss in lieu of an answer.[4]

---

[3] 42 U.S.C. §§ 2000e-1 et seq.

[4] It is unclear whether the remaining defendants were properly served with the Second Amended Complaint. This issue is not currently before the Court.

**STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court tuns now to Defendants' motion.

**DISCUSSION**

The Sizewise Defendants argue that Plaintiff's Complaint must be dismissed in its entirety because Plaintiffs' claims of employment discrimination are governed by the requirements of bringing suit under Title VII of the Civil Rights Act of 1964, which Plaintiffs have failed to meet. They also argue that, to the extent Plaintiffs assert other claims that are based on allegations concerning employment discrimination, such claims are barred under Title VII.

**1.    Title VII Claim – EEOC Charge**

"Title VII is a comprehensive anti-discrimination statute that prohibits, inter alia, discrimination in the employment context on the basis of race." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1079 (3d Cir. 1990); see also Francis v. Mineta, 505 F.3d 266, 271 (3d Cir. 2007) ("Title VII thus sweeps within its reach all claims of employment discrimination whether they are based on religion or another enumerated form of discrimination . . . ."). Additionally, Title VII contains specific requirements for filing suit. Such requirements include that "a complainant may not bring a Title VII suit without having first received a right-to-sue letter," and suit must be filed within ninety days of receipt of the letter. See Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Thus, to survive a motion to dismiss, Plaintiffs' Complaint must allege that such requirements have been met.

Plaintiffs' Complaint does not assert that their Title VII claims have been administratively exhausted. Specifically, Plaintiffs fail to allege that they each presented their claims to the EEOC or received notice of a right to sue. See, e.g., Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) ("A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [ ] for conciliation or resolution.") (internal quotations omitted). The Court, therefore,

dismisses the Title VII claims without prejudice.

The Court also notes that Title VII does not provide a basis for individual liability. See Dici v. Commonwealth of Pa., 91 F.3d 542, 552 (3d Cir. 1996) (granting summary judgment to individual defendants on plaintiff's Title VII claims because "individual employees cannot be held liable under Title VII"); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077 (3d Cir. 1996) ("[T]he clear majority of the courts of appeals . . . have held that individual employees cannot be held liable under Title VII"), vacated on other grounds, 74 F.3d 1439 (3d Cir.1996) (en banc). Thus, to the extent Plaintiffs wish to re-plead their Title VII claim(s), they are hereby advised that such claim cannot be asserted against individual defendants.

**2.      Remaining Claims – Rule 8**

Plaintiffs also purport to assert claims pursuant to 42 U.S.C. §§ 1981, 1985 and 1986. Defendants set forth a variety of arguments in support of dismissal of these claims. The Court need not reach such arguments inasmuch as such claims fail to meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) provides, in pertinent part, that a pleading that states a claim for relief must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. It is entirely unclear from the face of the Complaint which claims are asserted against which Defendants. Neither the Court nor Defendants should be required to sift through a tome of allegations to piece together those claims. See Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys., 309 F.3d 433, 436 (7th Cir. 2002) ("Judges are not like pigs, hunting for truffles buried in the record.") (internal quotations omitted). Such claims are, therefore, dismissed without prejudice.

This matter has now been pending for over a year. The Court has given Plaintiffs two opportunities to amend the original complaint. To the extent that Plaintiffs choose to re-plead any of the claims addressed herein, Plaintiffs are hereby advised to clearly identify which claims are being brought against which defendants and to set forth specific factual allegations in support of each claim.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by the Sizewise Defendants is **granted.** The Court hereby dismisses Plaintiffs' Complaint, in its entirety, with leave to amend the complaint to correct the deficiencies addressed herein. Plaintiffs may file a Third Amended Complaint which cures such deficiencies on or before **October 1, 2010.** Failure to do so will result in dismissal of the Second Amended Complaint with prejudice.

Although the motion to dismiss filed by Defendants Arbor Glen Center and Natalie Bryson is not yet returnable, given that the Court dismisses Plaintiffs' Complaint in its entirety, said motion to dismiss is hereby denied as moot.

An appropriate Order accompanies this Letter Opinion.

        /s/ Jose L. Linares
Jose L. Linares
United States District Judge