UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**　　　　　　　　　　　January 14, 2011

John Doe[1]
157B Meriline Avenue
West Paterson, NJ 07424

John Doe-1
36 Goshen Street
Paterson, NJ 07503

Jonathan E. Hill, Esq.
Daly, Lamastra & Cunningham
3 Mountain View Road
P.O. Box 1622
Warren, NJ 07061

James H. Moody, Esq.
Peter Vincent Lagregor, Esq.
Orlovsky, Moody & Schaaff
Monmouth Park Corporate Center
187 Highway 36
West Long Branch, NJ 07764

**LETTER OPINION**

　　　Re:　**Doe v. Sizewise Rentals, LLC, et al.**
　　　　　**Civil Action No. 09-3409 (JLL)**

Dear Parties:

　　　This matter comes before the Court by way of Plaintiff's motion to vacate this Court's November 22, 2010 Opinion and Order. The Court construes Plaintiff's application as a motion for reconsideration pursuant to Local Civil Rule 7.1(i). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiff's motion is denied.

---

[1] By way of Order dated August 2, 2010, Magistrate Judge Claire C. Cecchi granted Plaintiffs' request to proceed anonymously in this case. See Docket Entry No. 65.

1

**BACKGROUND AND STANDARD**

As the Court writes only for the parties, a familiarity with the underlying factual and procedural background of this case will be assumed and will not be repeated here except where necessary to provide proper context for the pending motion. By way of Opinion and Order dated November 22, 2010, the Court engaged in a detailed analysis of Plaintiffs' claims and set forth, also with much detail, its reasons for dismissing each of Plaintiffs' claims with the exception of Plaintiff John Doe's section 1981 claim of retaliation as against defendants Sizewise and Joyce Sklar. In doing so, the Court made every effort to liberally construe the factual allegations contained in Plaintiffs' Second and Third Amended Complaints, despite the fact that the Second Amended Complaint is no longer the operative complaint in this matter.

Plaintiffs' have now filed a motion for reconsideration of this Court's November 22, 2010 Opinion and Order. "Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A party seeking reconsideration shall file and serve its motion within fourteen days after the entry of the order on the original motion. L. Civ. R. 7.1(I). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

Nowhere in Plaintiffs' moving or reply briefs do Plaintiffs point to any dispositive factual or legal matter which was presented to but overlooked by this Court. For purposes of clarity, the Court will, in any event, go through each of the legal and/or factual matters that Plaintiffs' maintain the Court overlooked in rendering its decision.

1.  **Service of Process on Out of State Defendants**

First, Plaintiffs take issue with the Court's statement that there is no indication on the docket that the Third Amended Complaint has been properly served on certain out-of-state defendants. In its November 11, 2010 Opinion, the Court noted the following:

> The Third Amended Complaint also includes certain allegations concerning proposed Defendants Trever Frickey, Tim McCarty, Steve Aten, Chris Tanner, Scott Tweeddale, Larry Askew, Nancy Gutharie and Christine Unrein. Included in the motion to dismiss filed by the Sizewise Defendants are arguments concerning this Court's lack of personal jurisdiction over these individuals. There is no indication on the docket, however, that the Third Amended Complaint has been properly served on the foregoing individuals. Therefore, at this juncture, Trever Frickey, Tim McCarty, Steve Aten, Chris Tanner,

> Scott Tweeddale, Larry Askew, Nancy Gutharie and Christine Unrein are not parties to this action. Accordingly, the Court declines to consider allegations lodged against these defendants (and arguments seeking dismissal of claims asserted against them) at this time. Moreover, the Court notes that pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This is not the first time that Plaintiffs have been placed on notice of their failure to properly effectuate service of process on these defendants. See Docket Entry Nos. 25 (Court notice dated December 7, 2009), 43 (Court Order dated December 21, 2009), 78 (Court Opinion dated September 7, 2010 at 2). Once again, Plaintiffs are hereby placed on notice that service of process of the Third Amended Complaint must comply with all of the requirements of the Federal Rules of Civil Procedure, including but not limited to Rule 4. Plaintiffs are hereby advised that their failure to comply with all such requirements will result in dismissal of this action as to the foregoing defendants without further notice.

(November 22, 2010 Opinion). Plaintiffs maintain that this Court erred in making this statement by overlooking documents contained under Docket Entry No. 85. Docket Entry No. 85 contains a return receipt card indicating that a copy of the Third Amended Complaint was delivered via certified mail to the "Legal Department" at Sizewise Rentals, LLC. However, the individual defendants listed above have all been sued in their individual capacities. Federal Rule of Civil Procedure 4(e) provides the following:

> Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides

>
> there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The out-of-state defendants have not been personally served nor is there any indication that a copy of the summons and complaint was ever left at their home with someone of suitable age and discretion. Finally, there is no indication that the Sizewise "Legal Department" is an agent authorized by appointment or law to receive service of process on behalf of the individual out-of-state defendants. To the extent Plaintiffs have attempted to serve the out-of-state defendants pursuant to New Jersey Court rules, the Comment to New Jersey Court Rule 6:2-3 states that "a defendant may be served at a business address provided the certified mail instructions require delivery to the addressee only and the defendant has actually signed the receipt." Pressler, Current N.J. Court Rules, comment 2 on R. 6:2-3 (2009). To date, no such signed receipt of service by each of the out-of-state defendants has been received by this Court. Accordingly, the Court did not err or overlook any factual or legal matters in stating that there is no indication currently before the Court that such out-of-state defendants have been properly served.

So that there is no further confusion on the matter, the Court reiterates that pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As previously stated by the Court, Plaintiffs failure to properly effectuate service of process of the Third Amended Complaint in a manner which complies with all the requirements of Federal Rules of Civil Procedure, including but not limited to Rule 4, will result in dismissal of this action as to the foregoing defendants without further notice.

**2.      Section 1981 Claim**

Plaintiffs maintain that the Court erred in omitting the Supreme Court's decision in <u>St. Francis Coll. V. Al-Khazraji</u>, 481 U.S. 605 (1987) stating that "a person of Arabian ancestry may be protected from racial discrimination under § 1981." As a preliminary matter, the Court's November 22, 2010 Opinion did not dismiss Plaintiffs' section 1981 claims on the basis that Plaintiffs have failed to allege that they belong to a racial minority. To the contrary, the Court denied Defendants' motions to dismiss such claim on that very basis. In doing so, the Court noted the following:

> As a preliminary matter, Plaintiffs do not clearly allege the "racial minority" to which they belong. Plaintiff John Doe is an "Egyptian Muslim" and Plaintiff John Doe-1 is a "Muslim from Turkey." (Second Am. Compl., ¶¶ 12, 25). Although Plaintiffs' repeatedly emphasize that they were subjected to "racial" discrimination, their Muslim ancestry is a religious characteristic, not a racial one. As the

> Sizewise Defendants correctly note, section 1981 bars racial, not religious, discrimination in the making or enforcement of a contract. See, e.g., Pamintuan v. Nanticoke Memorial Hosp., 192 F.3d 378, 385 (3d Cir. 1999). Nevertheless, the Third Amended Complaint does allege that Defendant Meyer "harassed and abused another Black driver." (Third Am. Compl. at 11, ¶ D). Such statement could be construed as alleging that Plaintiffs consider themselves black. See, e.g., Shipley v. First Federal Sav. & Loan Ass'n of Delaware, 703 F. Supp. 1122, 1137 (D. Del. 1988) ("[I]t is undisputed that as blacks they are members of a racial minority."). In light of the foregoing, the Court declines, at this juncture, to dismiss Plaintiffs' section 1981 claims as against the Sizewise Defendants on the basis that Plaintiffs fail to allege that they belong to a racial minority.

(November 22, 2010 Opinion). At no point did the Court conclude that "only Blacks constitute a protected minority" as Plaintiffs now allege. (Pl. Br. at 3). To the contrary, the Court went through great efforts to closely review each of Plaintiffs allegations and, in doing so, found that such allegations could be construed as alleging that Plaintiffs were discriminated against because they belonged to a racial minority. In denying Defendants' motion to dismiss on this basis, despite explicitly noting that Plaintiffs' Third (and/or Second) Amended Complaint did not clearly allege the "racial minority" to which they belong, the Court made no definitive holding as to which racial minority group, if any, Plaintiffs belong. Curiously, Plaintiffs now take issue with the Court's perhaps overly-liberal construction of Plaintiffs' allegations. Because the Court did not err in the manner in which Plaintiffs' now allege, Plaintiffs' motion for reconsideration on this point is denied. As an aside, the Court notes that Plaintiffs did not cite to the St. Francis decision, or present legal arguments related thereto, in originally opposing Defendants' motions to dismiss. Plaintiffs cannot, on a motion for reconsideration, argue that the Court overlooked matters which were never presented to the Court in the first instance. In the future, Plaintiffs shall be guided accordingly.

3. **Statements Concerning Implications of Defendant Bryson's Claim of Sexual Harassment**

Plaintiffs move for reconsideration on the basis that the Court overlooked a statement made in Defendant's motion to dismiss, namely that "Plaintiff John Doe is a former employee of Sizewise Rentals LLC, whose employment was terminated after Sizewise Rentals received a written complaint from a customer that John Doe had acted inappropriately toward one of the customer's female employees." As a preliminary matter, the issue on a motion to dismiss is whether Plaintiffs' complaint contains sufficient factual allegations which, if accepted as true, would state a viable claim for relief. Thus, factual statements contained in an adversary's legal brief cannot be used, on a motion for reconsideration, to bolster the viability of Plaintiffs' claims.

Secondly, Plaintiffs' opposition brief did not contain any legal argument concerning the claim that Defendant Bryson's claim of sexual harassment caused his termination. To the contrary,

5

Plaintiffs' opposition brief contained the following arguments concerning Defendant Bryson:

> Defendant Natalie Bryson of Arbor Glen Health Care Center has initiated unsubstantiated claims of sexual harassment against Plaintiff John Doe and refused to comply with Plaintiff's propounded subpoena seeking the facts that led defendant Bryson to make her serious accusations against Plaintiff John Doe. Further, defendant Natalie Bryson was not the aggrieved person in her claim against Plaintiff John Doe, but rather kept the name of such person undisclosed.

(Pl. Opp'n Br. at 3). In dismissing Plaintiffs' section 1981 claims against Defendant Bryson, the Court noted the following:

> To the extent Plaintiffs' section 1981 claims should be construed as asserted against Defendants Arbor Glen and/or Natalie Bryson, Plaintiffs allege no specific facts which would establish that Defendants Arbor Glen and/or Natalie Bryson intended to discriminate against them on the basis of their race. Although Plaintiffs allege that Bryson's complaint of sexual harassment was "race motivated" inasmuch as "she was well aware that all drivers of Sizewise were minorities and that the particular formal name of Plaintiff John Doe was from a race other than hers," such conclusory allegations fail to raise Plaintiffs' right to relief above the speculative level. (Third Am. Compl. at 16). See Twombly, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."). In addition, Plaintiffs fail to allege how Bryson's claim of sexual harassment interfered with a protected activity or was in any way related to either Plaintiffs termination of employment. To the contrary, statements contained in the Second Amended Complaint suggest that Plaintiff John Doe-1 was terminated on the basis of his many car accidents while on the job, and that Plaintiff John Doe was terminated after complaining to Skylar about John Doe-1's termination. (Second Am. Compl., ¶¶ 60, 61). Thus, Plaintiffs have failed to allege sufficient facts to support a § 1981 claim as against Defendants Arbor Glen or Natalie Bryson. This claim is therefore dismissed as to Defendants Arbor Glen and Natalie Bryson.

Plaintiffs have failed to point to any legal or factual matters which were presented to the Court by the Plaintiffs but overlooked concerning Defendant Bryson. A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original

decision was reached.  See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  Thus, Plaintiff's motion for reconsideration on this point is denied.

Even if the Court were inclined to consider the theory now presented concerning Bryson's role in Plaintiff John Doe's termination, Plaintiffs Third Amended Complaint still fails to contain sufficient facts which, if accepted as true, state a viable section 1981 claim as against Defendant Bryson.  To the contrary, such a theory sounds in conspiracy[2] and, for the reasons stated in the Court's November 22, 2010 Opinion, allegations contained in the Third Amended Complaint do not suggest, with adequate factual content,[3] a meeting of the minds between Defendants Meyer, Arbor Glen, Natalie Bryson and/or Amy Sztejman,[4] nor are such allegations suggestive of the requisite common animus for a § 1985(3) conspiracy.  See, e.g., Farber v. City of Paterson, 440 F.3d 131, 136 (3d Cir. 2006) (noting that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"; this requires "that the conspirators be motivated by class-based invidiously discriminatory animus").

**4.    Remaining Arguments**

Plaintiffs raise several other arguments in support of their motion for reconsideration.  The Court has carefully considered such arguments and finds that a detailed discussion as to same is not warranted inasmuch as Plaintiffs do not allege that the Court overlooked any legal or factual matters in reaching its November 22, 2010 decision as it relates to such arguments.  To the contrary, Plaintiffs have attempted to reargue the merits of Defendants' motions to dismiss, presenting arguments which were previously raised before the Court as well as arguments which could have been raised, but were not.  Disagreement with the Court's assessment of Plaintiffs' claims is a matter for appeal, not reconsideration.  Therefore, Plaintiffs' motion for reconsideration is denied.

---

[2] See Pl. Motion for Reconsideration Br. at 7 ("Defendant Natalie Bryson was the direct contact with Amy Sztejman whom Plaintiffs knew as conspirator with Joyce Skylar in injuring both plaintiffs and other employees.").

[3] See generally Iqbal, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[4] See Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008) (noting that a § 1985(3) conspiracy must have a meeting of the minds among its members).

## **CONCLUSION**

Based on the reasons set forth above, Plaintiffs' motion for reconsideration is denied in its entirety. For the reasons set forth in this Court's November 22, 2010 Opinion, this matter will proceed <u>solely</u> as to Plaintiff John Doe's section 1981 claim of retaliation as against Defendants Sizewise Rentals, LLC and Joyce Sklar.

An appropriate Order accompanies this Letter Opinion.

 /s/ Jose L. Linares
Jose L. Linares
United States District Judge